IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **FOUNDATION OF HUMAN UNDERSTANDING,**<br>Plaintiff,<br>vs.<br>**UNITED STATES OF AMERICA,**<br>Defendant. | **No. 04-1441 T**<br>**The Honorable Emily C. Hewitt** |

## JOINT STIPULATION OF FACTS

On January 9, 2008, the Court ordered the parties to file a joint stipulation of facts on or before April 8, 2008. On April 8, 2008, the Court granted Defendant's Motion to extend until May 23, 2008, the time in which the parties were required to make that filing. Pursuant to the court's Order, as extended, Plaintiff and Defendant respectfully submit this Joint Stipulation of Facts.

1. Plaintiff was incorporated on May 27, 1963, under the nonprofit corporation law of California. (AR 461-64.)

2. Plaintiff's founder, and its President from its date of incorporation to the present, is Roy Masters. (AR 26.)

3. Since 1961 Roy Masters has been teaching his Judeo-Christian beliefs in the United States. (AR 26; 7071.)

4. On March 31, 1964, Plaintiff filed Treasury Form 1023, "Exemption Application," with the Internal Revenue Service (the "Service") requesting recognition of exemption from Federal Income Tax under 26 U.S.C. § 501(c)(3). (AR 27.)

5. On December 20, 1965, the Service recognized Plaintiff's exemption from federal income tax in a determination letter that characterized Plaintiff's purposes as religious and educational. (AR 27.)



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

6. On August 17, 1970, Plaintiff filed with the Service Treasury Form 4653, "Notification Concerning Foundation Status." In that Form, Plaintiff gave notice that it was not a private foundation. Plaintiff indicated that it was a non-private foundation because it was a church under 26 U.S.C. §§ 509(a)(1) and 170(b)(1)(A)(i). (AR 27.)

7. By letter dated October 20, 1970, the Service informed Plaintiff that it had classified Plaintiff as an organization that is not a private foundation as defined in Section 509(a) of the Internal Revenue Code (the "Code"). (AR 28.)

8. On May 15, 1972, Plaintiff amended its purposes clause in its articles of incorporation (its "Articles") to state that Plaintiff was a church. Counsel for Plaintiff mailed the amended articles of incorporation to the District Director of the Service. (AR 28.)

9. On September 12, 1979, Plaintiff again amended its Articles to state:

> "(a) Purposes of the Corporation:
>
> "The sole purpose for which this church is formed is the promulgation of religious, charitable, scientific, literary and educational aspects of the theological concepts upon which this church was founded and is organized and operated exclusively for religious purposes within the meaning of Section 501(c)(3) of the Internal Revenue Code of 1954.
>
> "(b) Powers of the Corporation:
>
> "The general power of this church is to engage in any activity which is in furtherance of the above-stated specific purpose."

(AR 29.)

10. On March 13, 1980, the Commissioner of Internal Revenue (the "Commissioner") issued an adverse determination letter denying Plaintiff's application to have its exemption classification modified to that of a church under Sections 509(a)(1) and 170(b)(1)(A)(i) of the Code. (AR 29-30.)

11. On November 12, 1982, the Commissioner issued an adverse determination letter in which the Service refused to modify Plaintiff's status from a publicly-supported organization (26 USC §§ 509(a)(1) and 170(b)(1)(A)(vi)) to that of a church described in Section 509(a)(1) and 170(b)(1)(A)(i). (AR 30.)

12. On February 23, 1983, the Commissioner of Internal Revenue issued a final adverse determination letter in which it stated that "while you are a religious and educational organization, you



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

are not described in Section 170(b)(1)(A)(i) because you are not a church as that term is commonly understood." (AR 30.)

13. Thereafter, Plaintiff filed a declaratory judgment action pursuant to 26 U.S.C. § 7428 in the United States Tax Court (the "Tax Court") to review the Commissioner's determination that Plaintiff did not qualify as a "church" (the "declaratory judgment action"). (AR 38.)

14. In the prior Tax Court proceedings, which addressed Plaintiff's operations for periods before 1983, the Tax Court found, as a matter of fact, that Plaintiff had a distinct legal existence as a non-profit corporation incorporated under the laws of California. (AR 51.)

15. In the prior Tax Court proceedings, which addressed Plaintiff's operations for periods before 1983, the Tax Court found, as a matter of fact, that Plaintiff's emphasis on emotional self-control through a specific type of meditation as the key to salvation sets Plaintiff apart from other recognized religions. (AR 51.)

16. In the prior Tax Court proceedings, which addressed Plaintiff's operations for periods before 1983, the Tax Court found, as a matter of fact, that Plaintiff provided regular religious services for established congregations that were served by an organized ministry. (AR 51.)

17. In the prior Tax Court proceedings, which addressed Plaintiff's operations for periods before 1983, the Tax Court found, as a matter of fact, that Plaintiff possessed associational aspects that are much more than incidental. (AR 51.)

18. In the prior Tax Court proceedings, which addressed Plaintiff's operations for periods before 1983, the Tax Court found and concluded that Plaintiff was a "church" within the meaning of Section 170(b)(1)(A)(i). (AR 53.)

19. Following the issuance of the Tax Court's opinion, the Service (Chief, Exempt Organizations Rulings Branch) issued a revised determination letter on January 29, 1988, maintaining Plaintiff's Section 501(c)(3) status, and confirming its status as a church under Sections 509(a)(1) and 170(b)(1)(A)(vi), effective August 1, 1979. (AR 1861.)

20. In the prior Tax Court proceedings, which addressed Plaintiff's operations for periods before 1983, the Tax Court found that since approximately the time of Plaintiff's formation in 1963, Plaintiff, through its founder, Roy Masters, has conducted a radio ministry. The Court also found that



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

the estimated listing audience for Plaintiff's program was approximately two million, with a regular following of 30,000 listeners. (AR 31.)

21. In the prior Tax Court proceedings, which addressed Plaintiff's operations for periods before 1983, the Tax Court found Plaintiff owned and operated a building in Los Angeles, which housed its headquarters. The building contained facilities to record Plaintiff's radio programs and to duplicate tapes. The building also contained a meeting hall for Plaintiff's members to congregate, as well as office space. (AR 33.) Plaintiff sold these facilities before the time relevant to this suit.

22. In the prior Tax Court proceedings, which addressed Plaintiff's operations for periods before 1983, the Tax Court found in 1979 Plaintiff purchased 373 acres of land near Selma, Oregon and constructed basic living quarters and facilities for milling wood, ranching, farming, teaching, and conducting seminars and meetings. This property, called the Tall Timber Ranch, is operated by Plaintiff as a retreat and meeting facility, and acts as the home of Plaintiff's weekly activities. (AR 34.)

23. In the prior Tax Court proceedings, which addressed Plaintiff's operations for periods before 1983, the Tax Court found in 1982, Plaintiff purchased a church building located in Grants Pass, which formerly belonged to a Seventh Day Adventist congregation. Plaintiff relocated its headquarters from its building in Los Angeles, which Plaintiff sold in 1994, to its building in Grants Pass, Oregon. (AR 34.)

24. In the prior Tax Court proceedings, which addressed Plaintiff's operations for periods before 1983, the Tax Court found that Plaintiff encouraged its followers to relocate to Oregon. (AR 34.) Approximately 2,000 did so. (AR 53.)

25. In the prior Tax Court proceedings, which addressed Plaintiff's operations for periods before 1983, the Tax Court found in the early years of its existence, Plaintiff's ministerial training process consisted of a three-year apprenticeship under the personal tutorage of Roy Masters. (AR 51.) In 1981, Plaintiff had nine ordained ministers who were employee full time. (AR 35.)

26. Plaintiff broadcasts to the public over the Internet, and its broadcasts are available to listeners world-wide. (AR 7073-74.)

27. Plaintiff broadcasts its message nightly, through a radio program in which Roy Masters and others of Plaintiff's ministers speak and preach. (AR 7073.)



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

28. In the prior Tax Court proceedings, which addressed Plaintiff's operations for periods before 1983, the Tax Court found in addition to Plaintiff's radio broadcast, Plaintiff also publishes books and pamphlets written by its ministers, including its founder, Roy Masters. (*See* AR 31.)

29. Plaintiff regularly publishes a newsletter, "New Insights". (AR 1459-113 et seq.)

30. In the prior Tax Court proceedings, which addressed Plaintiff's operations for periods before 1983, the Tax Court found although Plaintiff does not require its followers to disavow membership in other churches or religious organizations, many of its followers look upon Plaintiff as their only church. (AR 51.)

DATED: May 23, 2008.

Respectfully submitted,

s/ Marc K. Sellers
Marc K. Sellers, OSB #79107
Dan Eller, OSB #04281
Of Attorneys for Plaintiff
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center, Suites 1600-1900
1211 SW Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981
Fax (503) 796-2900
E-mail: msellers@schwabe.com

s/ W. C. Rapp
W. C. Rapp
Attorney of Record
United States Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Voice: (202) 307-0503
Fax: (202) 514-9440
E-mail: William.c.rapp2@usdoj.gov

Nathan J. Hochman
Assistant Attorney General
David Gustafson
Chief, Court of Federal Claims Section

s/ David Gustafson